**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CCA GLOBAL PARTNERS, INC., <br><br>             Plaintiff, <br><br>      v. <br><br> AJ FLOORING AMERICA LLC, <br> HIGOR PIGORETTI, <br> JOAQUIM CORDEIRO DOS SANTOS, <br> ANDREA AUGUSTA DOS SANTOS, and <br> ANDOQUIO GONCALVES <br><br>             Defendants. | Civil No. _____ |

**COMPLAINT**

Plaintiff, CCA Global Partners, Inc. ("CCA Global"), for its Complaint against AJ Flooring America LLC, Higor Pigoretti, Joaquim Cordeiro Dos Santos, Andrea Augusta Dos Santos, and Andoquio Goncalves (collectively, "Defendants"), alleges as follows:

**Nature of the Case**

1.  This is a civil action for direct and contributory trademark infringement, unfair competition and false designation of origin, and cybersquatting arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.*, and/or Connecticut common law.

2.  By this action, CCA Global seeks equitable and legal remedies for Defendants' direct and contributory infringement of CCA Global's intellectual property rights.

1

**Parties**

3. Plaintiff CCA Global is a corporation duly organized under the laws of the State of Delaware with its principal place of business located at 4301 Earth City Expressway, St. Louis, Missouri, 63045.

4. Upon information and belief, Defendant AJ Flooring America LLC ("AJ Flooring America") is a limited liability company organized under the laws of the State of Connecticut, with its principal place of business located at 154 Valley Avenue, Bridgeport, Connecticut, 06606.

5. Upon information and belief, Defendant Higor Pigoretti ("Pigoretti") owns and manages the operations of AJ Flooring America, as reflected in Exhibit A. Therefore, upon information and belief, through the ownership and/or management of AJ Flooring America, Pigoretti directs and controls the activities of AJ Flooring America, including AJ Flooring America's policies, procedures, and compliance with intellectual property laws, and/or has authorized, directed, and/or participated in the infringing activities described herein.

6. Upon information and belief, Defendant Joaquim Cordeiro Dos Santos ("Cordeiro") is a principal and/or owner of AJ Flooring America, as reflected in Exhibit B. Therefore, upon information and belief, through the ownership and/or management of AJ Flooring America, Cordeiro directs and controls the activities of AJ Flooring America, including AJ Flooring America's policies, procedures, and compliance with intellectual property laws, and/or has authorized, directed and/or participated in the infringing activities described herein.

7. Upon information and belief, Defendant Andrea Augusta Dos Santos ("Augusta") is a principal and/or owner of AJ Flooring America, as reflected in Exhibit B. Therefore, upon information and belief, through the ownership and/or management of AJ Flooring America, Augusta directs and controls the activities of AJ Flooring America, including AJ Flooring

America's policies, procedures, and compliance with intellectual property laws, and/or has authorized, directed and/or participated in the infringing activities described herein.

8. Upon information and belief, Defendant Andoquio Goncalves ("Goncalves") is a principal and/or owner of AJ Flooring America, as reflected in **Exhibit B**. Therefore, upon information and belief, through the ownership and/or management of AJ Flooring America, Goncalves directs and controls the activities of AJ Flooring America, including AJ Flooring America's policies, procedures, and compliance with intellectual property laws, and/or has authorized, directed and/or participated in the infringing activities described herein.

## .**Jurisdiction and Venue**

9. This Court has subject-matter jurisdiction over CCA Global's federal Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338.

10. This Court has subject-matter jurisdiction over CCA Global's related claims arising under state law pursuant to 28 U.S.C. §§ 1338 and 1367.

11. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants engage in continuous and systematic business activities within the State of Connecticut, such as rendering, offering for sale, and selling services to Connecticut-based customers within Connecticut; and/or regularly solicit business in Connecticut, deriving substantial revenue from interstate commerce, and the State of Connecticut; and/or have purposefully directed substantial activities at the residents of Connecticut by means of advertising and selling services under a confusingly similar business name in violation of CCA Global's intellectual property rights, as further described herein; and/or have committed and directed its tortious conduct described herein directed at persons located in Connecticut; and/or have otherwise

made or established contacts with the State of Connecticut sufficient to permit the exercise of personal jurisdiction.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims stated herein occurred within the jurisdiction of the District Court of Connecticut.

**Factual Background**

**A. CCA Global's Trademark Rights.**

13. Since at least as early as 1999, CCA Global, through its subsidiaries, predecessors in interest, and/or licensees, has continuously provided flooring-related products and services throughout the United States under its numerous FLOORING AMERICA® trademarks.

14. Specifically, CCA Global's exclusive licensee, FA Cooperative, Inc., doing business as Flooring America, offers flooring products, such as hardwood, luxury vinyl, carpet, laminate, and tile, as well as related retail and installation services in connection with CCA Global's licensed FLOORING AMERICA® trademarks.

15. CCA Global's licensing, and its licensee's offering and selling of these high-quality flooring-related products and services, constitute a substantial and important part of CCA Global's business.

16. CCA Global, including through its subsidiaries, predecessors in interest, and/or licensees, actively and prominently promotes flooring-related goods and services in commerce under the numerous trademarks in the table below, which are registered with the United States Patent and Trademark Office ("USPTO") (hereinafter collectively referred to as the "FLOORING AMERICA® Marks"):

| Trademark | Goods/Services | Status/First Use Date |
|---|---|---|
| FLOORING AMERICA<br><br>Registration No: 2,542,110 | (Int'l Class: 27) Floor coverings, namely, carpets and rugs<br><br>(Int'l Class: 35) Retail store services in the field of floor coverings | Registered: February 26, 2002<br><br>First Use: October 1999 |
| FLOORING AMERICA and Design<br><br>Flooring AMERICA<br><br>Registration No: 2,449,951 | (Int'l Class: 35) Retail store services in the field of floor coverings | Registered: May 8, 2001<br><br>First Use: October 1999 |
| FLOORING AMERICA and Design<br><br>FlooringAmerica<br><br>Registration No.: 3,614,887 | (Int'l Class 27) Floor coverings<br><br>(Int'l Class 35) Retail store services in the field of floor coverings | Registered: May 5, 2009<br><br>First Use:<br>(IC 35) January 2007<br>(IC 27) March 2008 |
| FLOORING AMERICA and Design<br><br>Flooring AMERICA<br><br>Registration No.: 2,686,593 | (Int'l Class 35) Retail store services in the field of floor coverings | Registered: February 11, 2003<br><br>First Use: October 1999 |

17. The FLOORING AMERICA® Marks' registrations with the USPTO were registered and have continuously been owned by CCA Global and/or CCA Global's related companies, affiliates, or wholly-owned subsidiaries, with each of the above registrations currently owned by and registered in the name of CCA Global Partners, Inc.

18. Each of CCA Global's FLOORING AMERICA® Marks is presently alive, in good standing, unrevoked, and uncancelled. The Certificates of Registrations, attached as Exhibit C, are *prima facie* evidence of CCA Global's ownership of each registration, the validity thereof, and CCA Global's exclusive right to use the marks shown therein in connection with the goods and services set forth in each certificate of registration.

5

19. All of CCA Global's FLOORING AMERICA® Marks have achieved incontestability status, as a result of their continuous use and longstanding registrations.

20. CCA Global, including through its subsidiaries, predecessors in interest, and/or licensees, has spent substantial sums to advertise and promote flooring-related products and services identified by the FLOORING AMERICA® Marks. As a result of these consistent efforts in promoting the FLOORING AMERICA® Marks, CCA Global has achieved significant and valuable goodwill in connection with these trademarks.

21. CCA Global's prominent use of the FLOORING AMERICA® Marks via its licensee can be seen on the Flooring America website, available at https://www.flooringamerica.com/.

22. CCA Global, through its current exclusive licensee, offers products and services under the FLOORING AMERICA® Marks nationwide, and has at least three locations offering goods and services under the FLOORING AMERICA® Marks in Connecticut—as evidenced in Exhibit D—where, upon information and belief, Defendants are predominantly located.

23. CCA Global, through its licensee's authorized and controlled use of the FLOORING AMERICA® Marks that inure to the benefit of CCA Global, has used its FLOORING AMERICA® Marks for an extensive amount of time and expended substantial amounts of money promoting these marks.

B. **Defendants' Business and History of Infringing Activity**

24. Upon information and belief, Defendant AJ Flooring America was formed on November 05, 2014, and organized for the purpose of promoting and advertising its hardwood flooring products and services.

25. Upon information and belief, Defendants own and operate a website accessible at https://ajflooringamerica.com/ (the "AJ Flooring America Website"). A true and accurate printout of the AJ Flooring America Website is attached as Exhibit E.

26. According to the WhoIs.com database, attached as Exhibit F, the domain name for the AJ Flooring America Website was registered on December 27, 2019, through the proxy PDR Ltd. d/b/a PublicDomainRegistry.com. The listed registrant contact name is 'Leonardobarroso', and the registrant organization is 'B Blessed'.

27. The AJ Flooring America Website was registered and created over 20 years after use and registration of the FLOORING AMERICA® Marks and prominently uses AJ FLOORING AMERICA (the "Infringing Mark")—which incorporates the entirety of CCA Global's FLOORING AMERICA® Marks—in its domain name, logo, and throughout the content of the webpages accessible at the AJ Flooring America Website.

28. The AJ Flooring America Website also includes links to social media sites, each of which contain the Infringing Mark, including:

   a. Facebook (https://www.facebook.com/ajflooringamerica);
   b. X (formerly known as Twitter) ( https://x.com/AJflooringUSA); and
   c. Instagram (https://www.instagram.com/ajflooringamerica/).

A true and accurate printout of each of these social media pages is attached as Exhibit G.

29. Defendants' earliest social media posts were created long after the established use of the FLOORING AMERICA® Marks, with the earliest post being on AJ Flooring America's Facebook profile in December 2016.

30. The AJ Flooring America Website and Defendants' social media prominently feature flooring-related goods and services, including without limitation, a variety of flooring

products (such as hardwood, luxury vinyl, and laminate), floor installation services, and refinishing and repair work, which directly compete with the goods and services offered under the FLOORING AMERICA® Marks.

31. On or about July 26, 2023, on behalf of CCA Global, counsel for CCA Global sent a letter to AJ Flooring America, Cordeiro, Augusta, and Goncalves, advising them of CCA Global's prior rights in the FLOORING AMERICA® Marks in connection with flooring-related goods and services, and demanding that Defendants cease using FLOORING AMERICA and any other confusingly similar trademark for flooring products and services, including on websites, marketing materials (whether online or print), social media websites and applications, other media/marketing outlets, and in any search engine optimization or marketing. This letter (the "Demand Letter"), along with confirmation of its delivery, is attached as Exhibit H.

32. Despite requesting a response to the Demand Letter within two weeks (by August 09, 2023), and following up on the Demand Letter on or around August 10, 2023, CCA Global has received no communications from any of the Defendants.

33. As a result of Defendants' advertising, promotion, offering, and sale of competing flooring goods and services in the same or overlapping geographic region in connection with the Infringing Mark, consumers are likely to be confused and/or will erroneously believe the Defendants are affiliated, connected, or associated with, or in some way related to, CCA Global and its flooring-related goods and services offered under the FLOORING AMERICA® Marks.

34. As a result of the Demand Letter and CCA Global's registered FLOORING AMERICA® Marks, Defendants have actual knowledge of the infringing activities and continue to engage in, or direct and contribute to AJ Flooring America's ongoing infringing operations, benefitting from the goodwill acquired by CCA Global's FLOORING AMERICA® Marks.

35. To date, upon information and belief, Defendants continue to prominently use, without authorization, FLOORING AMERICA, including without limitation the Infringing Mark, in the AJ Flooring America Website's domain name and throughout the content of the webpages, as well as in marketing materials and social media accounts, all in connection with the same flooring-related goods and services offered under the FLOORING AMERICA® Marks.

## Count I – Trademark Infringement
## 15 U.S.C. § 1114

36. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully herein.

37. CCA Global, through its subsidiaries, predecessors in interest, and/or licensees, has continuously used the registered FLOORING AMERICA® Marks throughout the United States in connection with flooring-related goods and services since at least as early as 1999.

38. Upon information and belief, Defendants adopted and began using the Infringing Mark at least 15 to 20 years after CCA Global first acquired trademark rights in the FLOORING AMERICA® Marks.

39. Defendants' use of the Infringing Mark post-dates CCA Global's priority rights in the FLOORING AMERICA® Marks.

40. Defendants' Infringing Mark is identical or nearly identical to CCA Global's FLOORING AMERICA® Marks because the Infringing Mark incorporates the entirety of CCA Global's FLOORING AMERICA® Marks, and CCA Global's FLOORING AMERICA® Marks are the dominant portion of the Infringing Mark.

41. Defendants are using the Infringing Mark in connection with identical and competing flooring products and services to those provided by CCA Global through its licensee.

42. Defendants are using the Infringing Mark to advertise, promote, offer, and sell their identical and directly competing flooring products and services in the same geographic location CCA Global, through its licensee, advertises, promotes, offers, and sells flooring products and services under the FLOORING AMERICA® Marks.

43. Defendants' use of the Infringing Mark in connection with flooring-related goods and services infringes CCA Global's rights in its FLOORING AMERICA® Marks, in violation of 15 U.S.C. § 1114, because it renders the goods and services offered under the Infringing Mark confusingly similar to goods and services offered under CCA Global's FLOORING AMERICA® Marks.

44. As a result of the Demand Letter and CCA Global's numerous trademark registrations first issued in 2001, Defendants have notice and actual knowledge of CCA Global's rights in the FLOORING AMERICA® Marks but have engaged and continue to engage in misconduct alleged herein.

45. Defendants' unauthorized use of CCA Global's FLOORING AMERICA® Marks creates the erroneous impression in consumers' minds that Defendants' flooring-related products and services have been approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with CCA Global and its FLOORING AMERICA® Marks.

46. Defendants' use in commerce of the Infringing Mark has and will continue to cause irreparable injury to CCA Global by destroying consumers' unique association of the FLOORING AMERICA® Marks with CCA Global and its exclusive licensee, and engendering confusion in the marketplace.

47. CCA Global has no adequate remedy at law for Defendants' misconduct.

48. Unless Defendants are enjoined and restrained from continuing their infringement, consumers will be confused, and Defendants will be able to continue improperly benefiting from the goodwill CCA Global has acquired in its FLOORING AMERICA® Marks.

49. CCA Global is entitled to recover three times its actual damages, as well as Defendants' gains, profits, and advantages as a result of Defendants' infringement, in an amount to be proven at trial.

50. Defendants' intentional and willful misconduct entitles CCA Global to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized under 15 U.S.C. § 1117.

## Count II – Unfair Competition and False Designation of Origin
## 15 U.S.C. § 1125(a)

51. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully herein.

52. CCA Global, through its predecessors in interest and/or licensees, has continuously used the FLOORING AMERICA® Marks throughout the United States and in Connecticut in connection with flooring-related goods and services since at least as early as 1999, which is approximately 15 years prior to Defendants' business formation.

53. Defendants' Infringing Mark is identical or nearly identical to CCA Global's FLOORING AMERICA® Marks, as it incorporates the entirety of CCA Global's FLOORING AMERICA® Marks.

54. Defendants are using the Infringing Mark in connection with identical and competing flooring products and services to those provided by CCA Global's licensees.

55. Defendants are using the Infringing Mark in the same geographic locations as CCA Global's licensee offers flooring products and services under the FLOORING AMERICA® Marks.

56. Defendants are using the Infringing Mark in the same manner as CCA Global and its licensees use the FLOORING AMERICA® Marks, to market and offer competing floor-related goods and services to the same class of purchasers and consumers.

57. As a result of the Demand Letter and CCA Global's numerous trademark registrations first issued in 2001, Defendants have notice of CCA Global's rights in the FLOORING AMERICA® Marks but have engaged and continue to engage in the aforementioned misconduct.

58. Defendants' unauthorized use of CCA Global's FLOORING AMERICA® Marks creates the erroneous impression in consumers' minds that Defendants' flooring-related products and services have been approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with CCA Global and its FLOORING AMERICA® Marks, constituting unfair competition and a false designation of origin within the meaning of 15 U.S.C. § 1125(a).

59. Defendants' use in commerce of the Infringing Mark has and will continue to cause irreparable injury to CCA Global by destroying consumers' unique association of the FLOORING AMERICA® Marks with CCA Global, and engendering confusion in the marketplace.

60. CCA Global has no adequate remedy at law for Defendants' misconduct.

61. Unless Defendants are enjoined and restrained from continuing their infringement, consumers will be confused, and Defendants will be able to continue improperly benefiting from the goodwill CCA Global has acquired in its FLOORING AMERICA® Marks.

62. CCA Global is entitled to recover three times its actual damages, as well as Defendants' gains, profits, and advantages as a result of Defendants' infringement, in an amount to be proven at trial.

63. Defendants' intentional and willful misconduct entitles CCA Global to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized under 15 U.S.C. § 1117.

**Count III – Contributory Trademark Infringement**
**(As to Defendants Pigoretti, Cordeiro, Augusta, and Goncalves)**

64. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully in this paragraph.

65. Defendants Pigoretti, Cordeiro, Augusta, and Goncalves are engaging in illegal conduct, including without limitation, the advertisement, promotion, offer for sale, and sale of competing flooring-related goods and services in violation of the Lanham Act.

66. As a result of the Demand Letter and CCA Global's numerous trademark registrations first issued in 2001, Defendants Pigoretti, Cordeiro, Augusta, and Goncalves have notice of CCA Global's rights in the FLOORING AMERICA® Marks but they have engaged in and continue to engage in the infringing misconduct.

67. Defendants failed to respond to CCA Global's Demand Letter and continue to disregard CCA Global's rights in the FLOORING AMERICA® Marks. Defendants Pigoretti, Cordeiro, Augusta, and Goncalves thus materially encourage, enable, and contribute to AJ Flooring America's infringing activities, which include advertising, promoting, offering, and selling competing products and services in the same or overlapping geographic region under the Infringing Mark.

68. Defendants Pigoretti, Cordeiro, Augusta, and Goncalves are therefore contributorily liable for the infringing activities alleged in this Complaint, in violation of the Lanham Act and common law.

69. CCA Global has no adequate remedy at law for the contributory trademark infringement by Pigoretti, Cordeiro, Augusta, and Goncalves, and has suffered irreparable harm as a result of the contributory infringing conduct of these Defendants.

70. As a result of these Defendants' wrongful contributory conduct, CCA Global has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, CCA Global is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorney's fees, the costs of this action, and any and all other relief authorized by law.

## Count IV – Trademark Infringement and Unfair Competition
## Connecticut Common Law

71. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully herein.

72. CCA Global owns common law trademark rights in FLOORING AMERICA® dating back to at least as early as 1999.

73. CCA Global, through its licensee, has used the registered FLOORING AMERICA® Marks continuously and consistently for an extended period of time to identify, advertise, promote, sell, and provide flooring-related goods and services, which has indelibly impressed on the minds of the consuming public the impression that the marks identify CCA Global as the source of flooring goods and services offered in connection with the FLOORING AMERICA® Marks.

74. Upon information and belief, Defendants adopted and began using the Infringing Mark at least 15 years after CCA Global first acquired trademark rights in the FLOORING AMERICA® Marks. Thus, Defendants' use post-dates CCA Global's priority rights in the FLOORING AMERICA® Marks.

75. Unless restrained by this Court, Defendants will continue to create a likelihood of confusion and deception of the consuming public, causing irreparable injury to CCA Global for which CCA Global has no adequate remedy at law.

76. Defendants' acts constitute trademark infringement and unfair competition under the common law of the State of Connecticut.

77. As a result of the Demand Letter and CCA Global's numerous trademark registrations first issued in 2001, Defendants have notice of CCA Global's rights in the FLOORING AMERICA® Marks but continue to engage in the aforementioned misconduct, without regard to the likelihood of confusion and deception of the public created by Defendants' activities.

78. Defendants' acts of unfair competition entitle CCA Global to recover its damages and costs of this action, together with an accounting of profits made by Defendants on sales of products sold under the Infringing Mark.

79. As a result of Defendants' acts, CCA Global has been irreparably damaged and will continue to be damaged in an amount not yet determined or ascertainable. CCA Global is entitled to preliminary and permanent injunctive relief, as well as any further relief as may be equitable and proper under Connecticut common law.

### Count V – Unfair Competition and Trade Practices Under the Connecticut Unfair Trade Practices Act
### Conn. Gen. Stat. §§ 42-110a, *et seq.*

80. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully in this paragraph.

81. By engaging in the unfair and/or deceptive acts alleged above, Defendants have engaged in conduct that is offensive to public policy and common law principles, and/or has caused substantial injury to consumers and competitors.

82. Defendants committed such acts and continue to commit such acts in the conduct of trade or commerce.

83. As a result of CCA Global's numerous FLOORING AMERICA® Marks, extensive long-term use of the FLOORING AMERICA® Marks through its licensees, and express notification of infringement, Defendants are or should be on notice of the aforementioned misconduct, and have continued to act in disregard of CCA Global's rights and the law.

84. CCA Global has clear rights in the FLOORING AMERICA® Marks, and Defendants' acts, unless restrained by this Court, will create a likelihood of confusion among consumers, causing irreparable injury to CCA Global.

### Count VI – Cybersquatting
### 15 U.S.C. § 1125(d)

85. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully in this paragraph.

86. Defendants have used and continue to use the domain name <https://ajflooringamerica.com/> (the "Infringing Domain Name") which incorporates the entirety

16

of CCA Global's registered FLOORING AMERICA® Marks, and is confusingly similar to such marks.

87. The Infringing Domain Name is identical or nearly identical to CCA Global's FLOORING AMERICA® Marks because it incorporates such marks in its entirety.

88. The Infringing Domain Name is identical or nearly identical to CCA Global's Flooring America website, [www.flooringamerica.com](www.flooringamerica.com).

89. The Infringing Domain Name was registered approximately 20 years after CCA Global began commercially using its FLOORING AMERICA® Marks through its licensees and registered its "flooringamerica.com" domain name.

90. Upon information and belief, Defendants' unauthorized use of the Infringing Domain Name has unjustly provided Defendants with gains, profits, and advantages directly resulting from their wrongful acts of federal trademark cyberpiracy in amounts thus far not determined.

91. Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to engage in cyberpiracy at CCA Global's expense in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

92. Unless enjoined by this court, Defendants' unlawful acts in violation of Section 1125(d) of the Lanham Act will cause irreparable harm and damage to CCA Global. Accordingly, CCA Global seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

93. CCA Global has no adequate remedy at law and is suffering irreparable harm and damage as a result of Defendants' acts of federal trademark cyberpiracy in an amount thus far not determined, but within the jurisdiction of this Court, which amount should be trebled pursuant to 15 U.S.C. § 1117.

**Prayer for Relief**

Based on the foregoing, CCA Global requests that this Court enter judgment in its favor on each and every claim for relief set forth above, and award it relief, including without limitation, the following:

1. Preliminary and permanently enjoin and restrain Defendants, and their officers, directors, agents, dealers, representatives, servants, and employees, and all others acting in concert with Defendants, from:

    a. Advertising, marketing, offering for sale, or selling flooring-related products and/or services or any other services bearing the FLOORING AMERICA® Marks or confusingly similar imitations thereof;

    b. Using the FLOORING AMERICA® Marks, or any confusingly similar iteration thereof, in any manner on or in connection with flooring-related goods and/or services;

    c. Using any trademark, name, domain name, logo, design, or source designation of any kind on or in connection with goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the FLOORING AMERICA® Marks;

    d. Using any trademark, name, domain name, logo, design, or source designation of any kind on or in connection with goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by CCA Global, or are sponsored, authorized, or endorsed by CCA Global, or are in any manner connected to or related to CCA Global;

  e. Passing off, palming off, or assisting in passing off or palming off goods or services as those of CCA Global, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

  f. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Paragraph 1;

 2. Direct Defendants to file with this Court and service on CCA Global's counsel within thirty (30) days after the service on Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

 3. Order Defendants to provide CCA Global with an accounting of any and all profits derived by Defendants from the sale or rendering of flooring-related goods or services in connection with the Infringing Mark;

 4. Award CCA Global Defendants' profits resulting from the acts of infringement alleged in this Complaint in order to redress Defendants' unjust enrichment and to deter their infringement of the FLOORING AMERICA® Marks, pursuant to 15 U.S.C. § 1117(a)(1);

 5. Award CCA Global any damages sustained and the costs of this action, pursuant to 15 U.S.C. § 1117(a)(2);

 6. Triple any damages and increase any profits awarded to the amount this Court finds just, pursuant to 15 U.S.C. § 1117(a);

 7. Award CCA Global its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by CCA Global as a result of the acts of

trademark infringement and unfair competition by Defendants, pursuant to the laws of the State of Connecticut and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq*.;

8. Order Defendants' transfer of any domain names and social media accounts that consist of or include the FLOORING AMERICA® Marks; and

9. Grant to CCA Global such further relief as may be equitable and proper.

## Jury Demand

CCA Global demands a trial by jury on all issues so triable.

Dated: October 15, 2024

Respectfully Submitted,

/s/ Marina F. Cunningham
Marina F. Cunningham (CT19475)
cunningham@ip-lawyers.com
Justin L. Durelli (CT31407)
durelli@ip-lawyers.com
McCormick, Paulding & Huber PLLC
185 Asylum Street
CityPlace II, 18th Floor
Hartford, CT 06103-3410
(860) 549-5290

ATTORNEYS FOR PLAINTIFF